UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
ALTAUNE BROWN, on behalf of themselves,
and all others similarly situated,

                        Plaintiff,

     -against-

AMERICA'S KIDS LLC, YOUNGWORLD STORES
GROUP, INC., AND YOUNGWORLD, INC.

                        Defendants.

--------------------------------------X

**COMPLAINT**

*Civil Action No.*
1:18-cv-9144

      Plaintiff, ALTAUNE BROWN, (hereinafter the "Plaintiff"), on behalf of himself as well as all others similarly situated, by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues AMERICA'S KIDS LLC, YOUNGWORLD STORES GROUP, INC., and YOUNGWORLD, INC., (hereinafter collectively "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## INTRODUCTION

1. This is an action seeking to redress violations of state and federal law at no less than twenty-four (24) locations nationwide owned and operated by Defendants, with retail stores located in this District.

2. As set forth more fully below, Plaintiff, as well as a class consisting of thousands (or ten of thousands) of similarly situated disabled individuals, alleges that Defendants have violated federal, state, and city laws by denying customers who use wheelchairs and scooters access to some or all of the goods, services, and amenities offered to the general public at each of the Defendants' store locations by imposing architectural or design barriers and discriminatory policies and practices.

3. These unlawful barriers include, inter alia, inaccessible entry to some stores, inaccessible levels, isles that are too narrow for wheelchairs, countertops are too high, insufficient signage, insufficient policies and procedures etc. The discriminatory policies and practices include failing to maintain accessible location's, buildings, designs, and modeling their stores in a manner that violates accessibility laws and regulations.

4. By this litigation, Plaintiff, on behalf of himself and the class defined more fully below, seek to bring all of Defendants' retail locations nationwide and this District into compliance with applicable state and federal law, and to recover applicable damages owed to each member of the class, in accordance with New York law.

**JURISDICTION AND PARTIES**

5. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

6. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(1) and (2) Defendants conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial

portion of the conduct complained of herein occurred in this District and several of the store locations are in this District.

## PARTIES

7. Plaintiff, Altaune Brown, at all relevant times, was a resident of New York City and has attempted to gain entry to at least one of the America's Kids Locations.

8. Altaune Brown has at all material times suffered from a "qualified disability" under the ADA, because he is a paraplegic and uses a wheelchair for mobility.

9. Defendant, AMERICA'S KIDS LLC, is a New York corporation authorized to conduct and conduction business within the State of New York, and is the owner, operator and controls all twenty-four (24) retail stores, including the following locations (collectively referred to hereinafter as the "America's Kids locations"): (a) 605 West 181st Street, New York, NY 10033; (b) 37-28 Junction Blvd., Corona, NY 11368; (c) 162-17 Jamaica Ave., Jamaica, NY 11432; (d) 954 Pennsylvania Ave., Brooklyn, NY 11207; (e) 39 East Fordham Road, Bronx, NY 10468; (f) 613 Bergen Ave, Bronx, NY 10458; (g) 350 East Forham Road, Bronx, NY 10458; (h) 284 Main Street, Paterson, NJ 07505.

10. Defendant, YOUNGWORLD STORES GROUP, INC., is a New York corporation authorized to conduct and conduction business within the State of New York, and is the owner, operator and controls all twenty-four (24) retail stores, including the following locations (collectively referred to hereinafter as the "America's Kids locations"): (a) 605 West 181st Street, New York, NY 10033; (b) 37-28 Junction Blvd., Corona, NY 11368; (c) 162-17 Jamaica Ave., Jamaica, NY 11432; (d) 954 Pennsylvania Ave., Brooklyn, NY 11207; (e) 39 East Fordham Road, Bronx, NY 10468; (f) 613 Bergen Ave, Bronx, NY

10458; (g) 350 East Forham Road, Bronx, NY 10458; (h) 284 Main Street, Paterson, NJ 07505.

11. Defendant, YOUNGWORLD INC., is a New York corporation authorized to conduct and conduction business within the State of New York, and is the owner, operator and controls all twenty-four (24) retail stores, including the following locations (collectively referred to hereinafter as the "America's Kids locations"): (a) 605 West 181st Street, New York, NY 10033; (b) 37-28 Junction Blvd., Corona, NY 11368; (c) 162-17 Jamaica Ave., Jamaica, NY 11432; (d) 954 Pennsylvania Ave., Brooklyn, NY 11207; (e) 39 East Fordham Road, Bronx, NY 10468; (f) 613 Bergen Ave, Bronx, NY 10458; (g) 350 East Forham Road, Bronx, NY 10458; (h) 284 Main Street, Paterson, NJ 07505.

12. The America's Kids locations are places of public accommodation as that term is defined by the ADA; specifically, the America's Kids locations are operated by Defendants as kids' stores selling clothing, toys and related accessories.

## CLASS ALLEGATIONS

13. Plaintiff brings this class action on his own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

    All disable individuals who, because of disability, have been
    Excluded form some or all of the amenities available to the general
    public at any of the America's Kids locations.

14. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant corporations.

15. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

16. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil rights violations as a result of Defendants' continuing failure to comply with the ADA and ADAAG at all of the America Kid's locations.

17. Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interest of the Class members in this case.

18. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as statutory damages under New York law.

19. Common questions of law and fact prevail with respect to all members of the Class, and predominate over questions applicably solely to individual Class members. Among such common questions of law and fact is whether Defendants retail locations are "public accommodations" under the ADA; whether Defendants retail locations deny the full and equal enjoyment of their good, services, facilities, privileges, advantages, or accommodations to people who use wheelchairs in violation of the ADA; whether Defendants have violated Federal statutory obligations by failing to comply with the ADA and ADAAG, so that all physically disabled persons are afforded fair and equal access to each of the America's Kids locations; what measures are legally required to bring Defendants retail locations into compliance with the ADA; and whether the design features at issue in this case, which exists at many of Defendants locations, violated the state or federal law.

20. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

21. The names and addresses of disabled individuals who are being excluded from full and equal access to the America's Kids locations is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in this class action litigation, and can additionally be advertised in the New York City area by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

22. Upon information and belief, Defendants have engages in intentional discrimination, including but is not limited to:

    a. Designing, constructing, implementing and maintaining policies, practices, procedures, and barriers that discriminate against members of the putative class with knowledge of such discrimination and/or

    b. Designing, constructing, implementing and maintaining policies, practices, procedures and barriers that are sufficiently intuitive and/or obvious as to constitute intentional conduct; and/or

    c. Failing to act in the face of substantial likelihood of harm to class members.

**COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

23. Plaintiff, on behalf of himself and the Class Members, repeats and re-alleges every allegation of the preceding paragraphs as if fully set forth herein.

24. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

25. Defendant's physical locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

26. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

27. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

28. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, services, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

29. The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010

Standards" or "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

30. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the America's Kids locations, in violation of these Accessibility Standards.

31. The America's Kids locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

    a. **605 West 181st Street, New York, NY 10033:**

        i. Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

        ii. Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

        iii. Required directional and information signage not provided in violation of ADAAG 216.

        iv. Inaccessible self service shelves displaying merchandise for sale in violation of ADAAG 308.

        v. Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

    b. **37-28 Junction Blvd., Corona, NY 11368:**

        i. Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

      ii.    Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

      iii.    Required directional and information signage not provided in violation of ADAAG 216.

      iv.    Inaccessible self service shelves displaying merchandise for sale in violation of ADAAG 308.

**c.  162-17 Jamaica Ave., Jamaica, NY 11432:**

      i.    Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

      ii.    Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

      iii.    Required directional and information signage not provided in violation of ADAAG 216.

      iv.    Inaccessible self service shelves displaying merchandise for sale in violation of ADAAG 308.

      v.    Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

**d.  162 West 125th Street, New York, New York 10027:**

      i.    Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

      ii.    Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

  iii. Required directional and information signage not provided in violation of ADAAG 216.

  iv. Inaccessible self-service shelves displaying merchandise for sale in violation of ADAAG 308.

  v. Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

 e.  **954 Pennsylvania Ave., Brooklyn, NY 11207:**

  i. Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

  ii. Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

  iii. Required directional and information signage not provided in violation of ADAAG 216.

  iv. Inaccessible self service shelves displaying merchandise for sale in violation of ADAAG 308.

  v. Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

 f.  **39 East Fordham Road, Bronx, NY 10468:**

  i. Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

  ii. Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

      iii. Required directional and information signage not provided in violation of ADAAG 216.

      iv. Inaccessible self-service shelves displaying merchandise for sale in violation of ADAAG 308.

      v. Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

g. **613 Bergen Ave, Bronx, NY 10458:**

      i. Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

      ii. Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

      iii. Required directional and information signage not provided in violation of ADAAG 216.

h. **350 East Fordham Road, Bronx, NY 10458:**

      i. Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

      ii. Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

      iii. Required directional and information signage not provided in violation of ADAAG 216.

      iv. Inaccessible self-service shelves displaying merchandise for sale in violation of ADAAG 308.

      v.    Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

  **i. 284 Main Street, Paterson, NJ 07505:**

      i.    Required ground space and turning space in between merchandise racks not provided in violation of ADAAG 402 and 403.

      ii.    Required accessible check-out/service counter and aisles not provided in violation of ADAAG 904.

      iii.    Required directional and information signage not provided in violation of ADAAG 216.

      iv.    Inaccessible self-service shelves displaying merchandise for sale in violation of ADAAG 308.

      v.    Failure to provide accessible routes to all levels of the Premises in violation of ADAAG 206.

32. This is not intended as a complete list of ADA and ADAAG violations at the America's Kids locations. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspections made of each location pursuant to Fed. R. Civ. 34 and supplemented accordingly.

33. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

34. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

35. Plaintiff and the Class intend to visit America's Kids locations in the future (upon Defendants' compliance with an Order of this Court requiring Defendants to remedy the ADA violations at issue) in order to utilize all of the goods, services facilities, privileges, advantages and/or accommodations offered at the America's Kids locations; however, in light of their disabilities, unless and until the America's Kids locations are brought into full compliance with the ADA, implementing regulations and ceasing its discriminatory ways, Plaintiff and the Class will remain unable to fully, properly, and safely access the America's Kids locations and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

36. Pursuant to ADA, 42 U.S.C. §1201 <u>et. Seq.</u> and the Accessibility Standards, the Defendants were required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

37. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Subject Facilities until the requisite modifications are completed.

### **COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "37" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

39. The New York City Human Rights Law provides:

    a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

    NYC Admin. Code §8-107(4)(a).

40. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "40" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

42. The New York State Human Rights Law provides:

    a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account

of…disability…

NYS Exec. Law §296 (2)(a).

43. Defendant's Premises is a place of public accommodation as defined in the New York State Human Right Law.

44. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

45. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

## PRAYER FOR RELIEF

46. The Plaintiff and Class demand compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c).

47. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

48. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

WHEREFORE, the Plaintiff, for the Class, hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

a. Certifying this action as a Class Action;

b. Naming the Plaintiff as the representative Named Class Plaintiff on behalf of all absent Class members;

c. Appointing The Marks Law Firm, PC as Class Counsel for all purposes in this action;

d. Granting the Plaintiff and all Class members all injunctive, monetary and other relief available under applicable law, including but not limited to:

   i. The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

   ii. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

   iii. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow the Defendants to undertake and complete corrective procedures to the Premises;

   iv. The Court enter an order requiring the closure of each of the America's Kids locations until such time as the location has been brought into full compliance with the ADA and ADAAG;

      v.    An award to each member of the Class equal to the maximum amount permitted by the NYSHRL and/or NYCHRL

e. Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity.

f. The Court awards such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
       October 4, 2018

                THE MARKS LAW FIRM, PC

                By: /s/ Bradly G. Marks
                BRADLY G. MARKS
                Attorney for Plaintiff
                175 Varick Street, 3rd Fl
                New York, NY 10014
                T:(646) 770-3775
                F: (646) 770- 2639
                brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                                            Plaintiff,

      -against-

AMERICA'S KIDS LLC, YOUNGWORLD STORES GROUP, INC., AND YOUNGWORLD, INC.

                                            Defendants,

**SUMMONS AND COMPLAINT**

THE MARKS LAW FIRM, PC
Attorney for Plaintiff
175 Varick Street, 3rd FL
New York, NY 10014